CHAMBERLAIN v. OLEAN ST. RY. CO.

(Supreme Court, Appellate Division, Fourth Department. December 7, 1904.)

1. NEW TRIAL—PERJURY—CONFLICTING EVIDENCE—REVIEW.

Where, in an action for injuries, defendant applied for a new trial on the ground that the verdict was the result of conspiracy and perjury on the part of the original plaintiff, his attorney, and various witnesses, and the evidence introduced on such motion was not only conflicting, but contained a mass of perjured testimony by witnesses whose character was directly impeached, the exercise of the trial court's discretion in denying the motion will not be reversed on appeal.

Appeal from Special Term, Cattaraugus County.

¶ 1. See Appeal and Error, vol. 3, Cent. Dig. §§ 3866, 3869

Action by Wales Chamberlain, as administrator of the estate of Albert O. Benjamin, deceased, against the Olean Street Railway Company. A judgment was rendered in favor of plaintiff, and, from an order denying defendant's motion for a new trial, it appeals. Affirmed.

See 85 N. Y. Supp. 1126.

Argued before McLENNAN, P. J., and WILLIAMS, HISCOCK, and STOVER, JJ.

Fred L. Eaton, for appellant.
M. B. Jewell, for respondent.

PER CURIAM. The defendant made this motion for a new trial for the reason, in effect, that the verdict against it was induced by conspiracy and perjury upon the part of the original plaintiff, his attorney, and various witnesses. Upon the motion it relied especially upon the statements, affidavits, or evidence of Erastus Chamberlain, George W. Newton, Mary Lyttle, Clara Spry, and John Spry. Of these, the first was contradicted by various affiants, and his character for veracity was directly attacked by impeaching affidavits. The second was a hired detective in the employ of defendant, and he was directly contradicted in various ways and by various affiants. The remaining ones had concededly each committed perjury from one to several times upon one side or the other of this litigation, and one of them is in prison for subornation of perjury in connection with the original trial. Some apparently disinterested affiants upon the part of the plaintiff give evidence supporting the denial of the motion. It would be a difficult task under any circumstances to extract the truth from this unsavory mass of contradiction and perjury. It is practically impossible to do this with certainty or satisfaction upon a printed record. The judge who heard the trial and saw all these people, and who, in addition, caused to be taken before him upon this motion an extended examination of some of them, has refused to grant a new trial. We feel that we would not be warranted in reversing his decision. There are not wanting circumstances which cast an unpleasant coloring upon some parts of this litigation against the defendant. But without seeing and hearing the witnesses, we are unwilling to override the judgment of the trial justice, and find the original plaintiff and his attorney guilty of the charges made against them. Some importance, also, is to be attached to the fact that the effort for a new trial was not brought to a hearing until several months after the trial, and until the original plaintiff had died.

Order affirmed, with costs.